# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:07CR154-03-C

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION AND ORDER** |
| PORFIRIO ORTA-ROSARIO, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Dismissal of the Indictment, Additional Discovery and a Bill of Particulars" filed May 15, 2009 (document #190) and "Government's Response to Defendant Orta-Rosario's Motion to Dismiss Indictment or for Bill of Particulars." filed May 28, 2009.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the Defendant's Motion to Dismiss be <u>denied</u>, as discussed below, and the Court **DENIES** Defendant's Motion for Bill of Particulars, as discussed below.

## I. DISCUSSION

### A. Motion to Dismiss Indictment Because Statute is Void for Vagueness

The Controlled Substances Act ("CSA") governs all distribution of controlled substances in the United States and makes it "unlawful for any person knowingly or intentionally. . . to manufacture, distribute, or dispense. . . a controlled substance" or to conspire to do so. 21 U.S.C. §§ 841(a)(1) and 846. The CSA provides a limited exception in 21 U.S.C. § 822 by authorizing medical professionals registered with the Attorney General, including doctors and pharmacists, to

write prescriptions for or to otherwise dispense controlled substances, as long as they comply with the requirements of their registration. 21 U.S.C. § 822(b). Pursuant to the CSA, the Attorney General has promulgated regulations addressing these registrant requirements. These regulations provide that a prescription for a controlled substance is lawful only if it is "issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." 21 C.F.R. § 1306.04(a). The Fourth Circuit has noted that Congress has given doctors "the power to authorize the distribution of dangerous addictive drugs, and with that power, Congress also places upon [them] the responsibility to distribute them wisely within the course of [their] medical practice." United States v. Singh, 54 F.3d 1182, 1189 (4th Cir. 1995).

On July 18, 2007, Defendant Porfirio Orta-Rosario was charged in the Bill of Indictment with being involved in an illegal internet pharmacy conspiracy in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendant argues that the terms "legitimate medical purpose" and "usual course of his professional practice" are vague and do not give Defendant fair notice of what conduct might violate the law and therefore, the Bill of Indictment must be dismissed against Defendant.

Defendant has not cited to a single case finding the statute or regulation to be void for vagueness. In fact, numerous federal courts have consistently rejected the argument that these phrases are unconstitutionally vague. See United States v. DeBoer, 966 F.2d 1066, 1068-69 (6th Cir. 1992) (language of § 841(a) is not void for vagueness because it clearly defines a pharmacist's responsibilities); United States v. Rosenberg, 515 F.2d 190, 197-98 (9th Cir. 1974) (finding phrase "in the course of professional practice" has been in statutes since 1914 and courts have shown "ease and consistency" in interpreting the phrase); United States v. Collier, 478 F.2d 268, 272 (5th Cir. 1973) ("in the usual course of professional practice" language not unconstitutionally vague); United

2

States v. Quinones, 536 F. Supp.2d 267, 274 (E.D.N.Y. 2008) (rejecting void for vagueness argument made by operators of nearly identical internet pharmaceutical operation); United States v. Birbragher, 576 F.Supp.2d 1000, 1012-13 (N.D. Iowa 2008) (holding that the relevant portions of the CSA and accompanying regulations provide physicians with adequate notice of the proscribed conduct and that the CSA does not lend itself to arbitrary enforcement); United States v. Lovin, No. 07cr2016-IEG, 2008 WL 4492616, at *4 (S.D. Cal. Sept. 29, 2008) (finding that phrases "legitimate medical purpose" and "in the usual course of professional practice" were not so vague as to deprive the defendant of fair warning that his conduct was illegal); United States v. Prejean, 429 F. Supp.2d 782, 805 (E.D. La. 2006) (rejecting defendants' argument that a lack of consensus among the medical community regarding what is considered "legitimate medical purpose" rendered statute and regulation void for vagueness). The sound reasoning expressed by these numerous federal courts rejecting the void for vagueness challenge applies in Defendant's case. The statue and its accompanying regulations provide constitutionally sufficient notice of the proscribed conduct.

In addition to the many federal courts that have ruled that the statute and regulations are not void for vagueness, there is a significant body of case law upholding the use of the CSA to prosecute physicians for abusing their licenses to distribute controlled substances. As the Fourth Circuit has noted "there are no specific guidelines concerning what is required to support a conclusion that an accused acted outside the usual course of professional practice. Rather, the courts must engage in a case-by-case analysis of evidence to determine whether a reasonable inference of guilt may be drawn from specific facts." Singh, 54 F.3d at 1187 (quoting United States v. August, 984 F.2d 705, 713 (6th Cir. 1992)).

Federal courts have relied on numerous factors, taken together in varying combinations to

convict or uphold convictions of numerous physicians and pharmacists for distributing controlled substances without a legitimate medical purpose and outside the usual course of professional practice. These factors include no physical examination of the patient (see United States v. Fuchs, 467 F.3d 889, 908-09 (5th Cir. 2006); United States v. Nelson, 383 F.3d 1227, 1228 (10th Cir. 2004); United States v. Hitzig, 63 Fed. App. 83, 84 (4th Cir. 2003); United States v. Daniel, 3 F.3d 775, 777 (4th Cir. 1993)); frequency and quantity of prescriptions issued (see United States v. Kaplan, 895 F.2d 618, 621 (9th Cir. 1990); United States v. Kirk, 584 F.2d 773, 778 (6th Cir. 1978); United States v. Brandenburg, 155 F.2d 110, 113 ((3rd Cir. 1946)); inordinate numbers of prescriptions by a single doctor at a single pharmacy (see Fuchs, 467 F.3d at 898; Nelson, 383 F.3d at 1228; DeBoer, 966 F.2d at 1067; United States v. Lawson, 682 F.2d 480, 482 (4th Cir. 1982)); and types of drugs distributed or not distributed (see Nelson, 383 F.3d at 1228; Lawson, 682 F.2d at 483). According to the Government's brief, they will rely on a number of these factors and others, taken in combination, to argue that Defendant violated the CSA. It will be for a jury to decide whether such factors are enough in this case to determine that Defendant acted outside the usual course of professional practice and violated the CSA. For the foregoing reasons, the undersigned respectfully recommends that Defendant's "Motion to Dismiss" be denied.

### B. Motion for Bill of Particulars

Defendant argues that a bill of particulars is necessary because the Indictment does not specify the names of all the co-conspirators, nor which persons are expected to testify nor whether Defendant is charged as a principal or as an accomplice, nor the words that formed the alleged conspiracy including their time, place, manner and context. Rule 7(f) of the Federal Rules of Criminal Procedure provides that a "court may direct the government to file a bill of particulars."

4

A bill of particulars is provided "to enable a defendant to obtain sufficient information on the nature of the charge against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offenses." United States v. Schembari, 484 F.2d 931, 934-35 (4th Cir. 1973) (citing United States v. Dulin, 410 F.2d 363, 364 (4th Cir. 1969)). "A bill of particulars is not to be used to provide detailed disclosure of the government's evidence in advance of trial." United States v. Automated Medical Laboratories, Inc., 770 F.2d 399, 405 (4th Cir. 1985) (citing United States v. Anderson, 481 F.2d 685 (4th Cir. 1973)).

The Court notes at the outset that Rule 7(f) of the Federal Rules of Criminal Procedure requires a defendant to file a motion for bill of particulars within 10 days of arraignment, unless the court allows for an extension. No extension was requested in this case and Defendant was arraigned in August 2007. Therefore, while the Court will not do so on this motion, the Court could summarily deny Defendant's Motion as being untimely.

In July 2007, a federal grand jury returned a 32-page speaking indictment against Defendant and others that clearly sets forth the requisite elements of conspiracy to distribute controlled substances and substantive counts for distributing controlled substances. The Indictment alleges that from about August 2002 to May 2006 the conspiracy occurred and alleges specific dates on which substantive counts are alleged to have occurred. The Indictment also identifies Defendant's key co-conspirators and the roles each played in the crimes charged. Furthermore, the Indictment specifically details the Defendant's role in the offenses.

In addition to the detailed Indictment, the Government has provided Defendant with several hundred thousand pages of discovery and 2.5 terabytes of forensic computer evidence which includes

records seized during search warrants, records subpoenaed by the grand jury and more than 6,000 pages of interview reports of former Your Online Doctor employees, former Woody Pharmacy employees and former customers of the operation. While the Indictment lists Your Online Doctor and three co-conspirators by initials rather than full names, the interview reports provided in discovery allowed Defendant to determine the customer's names and to review their involvement with Your Online Doctor. Additionally, the Government notes in its brief that defense counsel specifically requested these customers' names in March 2009 and the Government promptly provided the requested information, even though it was not required to do so.

If the details of the alleged offense can be gleaned from the government's open file policy, Courts have held that the defendant has adequate notice and is properly informed about the charges. See, United States v. Amend, 791 F.2d 1120, 1126 (4th Cir. 1986); United States v. Duncan, 598 F.2d 839, 849 (4th Cir. 1979); United States v. Lewis, No. C-CR-89-114-01, 1990 WL 11111, at *2 (W.D.N.C. February 5, 1990). The 32-page speaking indictment and the voluminous discovery sufficiently advise Defendant of the charges he must be prepared to defend at trial. As such, Defendant's "Motion for Bill of Particulars" is **DENIED**.

## II. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the Defendant's "Motion to Dismiss" be **DENIED**.

## III. ORDER

**FOR THE FOREGOING REASONS**, the Defendant's "Motion for Bill of Particulars" is **DENIED**.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Order to counsel to the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED.**

Signed: June 3, 2009

David S. Cayer
United States Magistrate Judge