IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE  DIVISION
3:07cr154

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| vs. | ) | ORDER | |
| | ) | | |
| PORFIRIO ORTA-ROSARIO (3) | ) | | |
| | ) | | |
| _____ | ) | | |

**THIS MATTER** is before the Court on the defendant's Motion to Strike Surplussage

from the Bill of Indictment (Doc. No. 191) and the government's Response (Doc. No. 212).  For

the reasons stated below, the Court **DENIES** the defendant's motion.

I.        BACKGROUND

On July 18, 2007, Defendant Porfirio Orta-Rosario and four others were charged with

being involved in an illegal internet pharmacy conspiracy in violation of 21 U.S.C. §§ 841(a)(1)

and 846. (Doc. No. 3: Indictment).  To obtain a conviction on the conspiracy charge, the

government will be required to show that the defendant knowingly and voluntarily involved

himself in an agreement with at least one other person to violate federal law regarding controlled

substances. United States v. Hall, 551 F.3d 257, 268 n.13 (4th Cir. 2009).  To obtain a conviction

on the substantive § 841 charges, the government must show that the defendant knowingly and

intentionally distributed a controlled substance, or aided and abetted its distribution, not for a

legitimate medical purpose or beyond the bounds of medical practice. United States v. Hurwitz

459 F.3d 463, 475 (4th Cir. 2006). The defendant complains that language in various parts of the indictment is inflammatory and unnecessary to state the charges.

II.    DISCUSSION

Federal Rule of Criminal Procedure 7(c)(1) states that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." An indictment may allege the means by which a defendant committed an offense. Id. A court may strike surplusage from an indictment upon a defendant's motion. Fed. R. Crim. P. 7(d). Although the term "surplusage" is not defined in the Rule 7, the Fourth Circuit has held that a court should only strike allegations where it is clear that they are not "relevant to the charge and are inflammatory and prejudicial. United States v. Williams, 445 F.3d 724, 733 (4th Cir. 2006) . The test is conjunctive; thus, information that is prejudicial, yet relevant need not be struck, nor should information that is irrelevant but not prejudicial. United States v. Hegepath, 434 F.3d 609, 612 (3d Cir. 2006) (cited with approval in Williams, 445 F.3d at 733-34). Additionally, an instruction to the jury that the indictment is not evidence militates against unfair prejudice. Williams, 445 F.3d at 734; United States v. Marshall, 985 F.2d 901, 906 (7th Cir. 1993)

Here, the defendant's complaints about Paragraphs 2, 18, and 42 of the Indictment fail because the challenged language describes the roles of participants which, if true, would establish a conspiratorial agreement. Accordingly, the allegations are relevant to the charge in Count One.

The defendant's complaint about the use of "purported prescription" in Paragraph 2 and others fails because those terms are used in the controlling regulation, 21 C.F.R. 1306.04(a) ("An order purporting to be a prescription . . ."). Therefore, that phrase has relevance given the nature of the charged offense. Similarly, the defendant's claim about Paragraph 8, which explains and

quotes that regulation, is without merit. The defendant does not contend that the paragraph is inaccurate and he has not established any prejudice by its inclusion in the indictment.

Paragraph 11 concludes with a statement about the legitimate medical purpose of hydrocodone, one of the controlled substances at issue. That information is relevant because the government will be required to prove that certain drug orders were not for a legitimate medical purpose to establish the charged § 841 offenses. Additionally, one recognized measure of whether controlled substances were distributed legitimately is the number of pills purchased by a pharmacy for resale. United States v. Green, 511 F.2d 1062, 1071 (7th Cir. 1975). Therefore, the information about the number of dosage units purchased by Woody Pharmacy in Paragraphs 47 and 48 is relevant. The comparative phrases used in those paragraphs to which the defendant objects are not unfairly prejudicial given the disparity detailed in the indictment.

The defendant objects to the term "purported medical records" used in Paragraph 17 and elsewhere. Another measure of whether controlled substances were distributed illegally is the legitimacy of patient records supporting drug orders. Hurwitz, 495 F.3d at 467 (patient told to get MRI to "cover our butts"). Since the indictment alleges that customers submitted their own documents in support of drug orders, it would be relevant whether the documents were authentic. The practice of not obtaining documents directly from treating physicians, if proven, would also bear on the professional practice of alleged co-conspirators. Thus, the defendant has not established that the term is irrelevant and prejudicial.

Finally, the Court intends to instruct the jury that the indictment is not evidence; therefore, there will be no prejudice to the defendant by the inclusion of the challenged language.

III.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that the defendant's Motion to Strike Surplusage in the Bill of Indictment (Doc. No. 191) is **DENIED**.

Signed: August 7, 2009

Robert J. Conrad, Jr.
Chief United States District Judge